## TAYLOR v. HAWKS.

### No. 3846.

Court of Civil Appeals of Texas. El Paso.

May 25, 1939.

Rehearing Denied June 15, 1939.

1204

Fred Erisman and Wm. Hurwitz, both of Longview, for appellant.

Gaines T. Shoults, of Longview, for appellee.

HIGGINS, Justice.

Appellee Hawks brought this suit against the appellant Taylor to recover $544.12 alleged to be due upon open account for goods, wares and merchandise sold and delivered to the defendant. The defendant answered by exceptions, general denial, special denial of the allegations of the petition, and a denial under oath of the justice of the account sued upon. The defendant also filed cross-action which in effect set up the following: That the parties were partners in a grocery business under the partnership name of Sabine Grocery; that the partnership has never been dissolved; and prayed for an accounting, setting up that upon a just and true seettlement there was a balance of $1000 due defendant by the plaintiff, and two other items of $500 each, alleged to be due the defendant by the plaintiff.

The case was tried without a jury and judgment rendered in favor of the plaintiff for $246.12. Motion for new trial was filed by the defendant and overruled. Upon request of the defendant the Court filed findings of fact and conclusions of law. The Court found, among other matters unnecessary to state: that on September 1, 1936, the defendant agreed to sell his interest in the business to the plaintiff for $500, and that defendant was entitled to a credit of said $500 for his interest in the business, and also for $30 for some automobile tires; that the defendant was indebted to the plaintiff in the sum of $776.12 for groceries sold to him subsequent to September 1, 1936; that the defendant was indebted to the plaintiff in the sum of $246.12, being the difference between $776.12 and $530.

No assignment of error is presented challenging the trial court's findings, but it is asserted the court erred in giving effect to the testimony that the partnership had been dissolved because there was no sworn denial by the plaintiff of the partnership alleged in the cross-action as required by subdivision 6 of Article 2010, R.C.S.

This matter presents no reversible error because the relief sought by the cross-action was an accounting and settlement of the partnership affairs, and it is apparent from the trial court's findings and the record as a whole that the court entered into an accounting and cast the accounts as stated in his findings. The accounting relief sought by the defendant having been granted, the matter complained of presents at most but harmless error.

The other assignments in the record have been examined and show no reversible error. We deem it unnecessary to discuss the same.

Affirmed.